# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

    -vs-                                       CRIMINAL No. 97-697 LH

KIMBERLY LEIGH ALEXANDER,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes on for consideration of Defendant Alexander's Motion for Severance of Defendants (Docket No. 44), filed January 29, 1998.  The Court, having considered the Motion, the memoranda of the parties, and the applicable law and otherwise being fully advised, finds that oral argument is not necessary and that the Motion is not well taken and will be **denied**.

Defendants Coyle and Alexander are charged in a  one-count Indictment with conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2.  Ms. Alexander moves for severance on grounds of "spillover effect" of the evidence against Mr. Coyle, "anticipated" mutually inconsistent defenses, and "anticipated" exculpatory evidence from Mr. Coyle.

The decision whether to grant severance lies within the discretion of the trial court.  *United States v. Dirden*, 38 F. 3d 1131, 1140 (10th Cir. 1994).  Separate trials are not a matter of right when two or more defendants are alleged to have participated in the same act or transaction resulting in the criminal offense.  *Id.*  In exercising its discretion, the Court must weigh prejudice to the movant caused by joinder "against the 'obviously important considerations of economy and expedition in

judicial administration.'" *Id.* (quoting *United States v. Petersen*, 611 F.2d 1313, 1331 (10th Cir.

1979)).  A movant for severance bears a heavy burden:  he must show "'more than a better chance

of acquittal or a hypothesis of prejudice, he must, in fact, show real prejudice.'" *Id.* (quoting *United*

*States v. Youngpeter*, 986 F.2d 349, 353 (10th Cir. 1993)).

 Ms. Alexander first argues that she will be irremediably prejudiced by the spillover effect of

evidence of a prior government investigation against Mr. Coyle.  While evidence that is admissible

against only one defendant "can create the risk of an unfair trial" for a codefendant, "limiting

instructions are ordinarily sufficient to cure potential prejudice."  *United States v. Hardwell*, 80 F.3d

1471,1486-87 (10th Cir. 1996)(citing *Zafiro v. United States*, 506 U.S. 534, 539-41 (1993)); *see also*

*United States v. Morales*, 108 F.3d 1213, 1219-20 (10th Cir. 1997); *United States v. Rodriguez-*

*Aguirre*, 108 F.3d 1228, 1233–34 (10th Cir.), *cert. denied*, 118 S.Ct. 132 (1997).  The Court finds

no circumstances to hold otherwise in this case.  This is not a complex case, the number of defendants

is only two, and the disparity of culpability is not extreme.  *Hardwell*, 80 F.3d at 1486; *see also*

*United States v. Linn*, 31 F.3d 987, 992-93 (10th Cir. 1994)(concerns justifying severance based on

differing degrees culpability not present in simple conspiracy case involving a few actors and

straightforward set of events).

 Ms. Alexander also contends that "[i]t is possible" that mutually inconsistent defenses may

be presented, such as each defendant blaming the other.  (Def. Alexander's Mot. Severance at 3.)

"Mutually antagonistic defenses are not prejudicial per se."  *Dirden*, 38 F.3d at 1141 (internal

quotations omitted)(quoting *Zafiro*, 506 U.S. at 538).  Certainly a hypothetical defense does not

show prejudice, much less real prejudice.  *See, e.g., id.*, at 1140-41 (mere possibility of antagonistic

defenses provides inadequate basis for severing trials).  Additionally, while defenses "so antagonistic

2

that they are mutually exclusive," may require severance, severance is not warranted "merely because defense theories conflict or because one defendant . . . cast[s] blame on the other." *Id.* at 1141.

Finally, Ms. Alexander maintains that if Mr. Coyle chooses not to testify at a joint trial, she will be denied his exculpatory testimony. Seven factors are relevant in considering whether a request for severance based on potential exculpatory testimony should be granted:

> (1) the likelihood that the codefendant would in fact testify and waive his Fifth Amendment privilege at the severed trial; (2) the significance of the testimony to the theory of defense; (3) the exculpatory nature and effect of such testimony; (4) the likelihood that the testimony would be impeached; (5) the amount of prejudice caused by the absence of such testimony; (6) the effect of the severance on judicial economy; and (7) the timeliness of the motion.

*United States v. Powell*, 982 F.2d 1422, 1432-33 (10th Cir. 1992)(citing *United States v. McConnell*, 749 F.2d 1441, 1445 (10th Cir. 1984)). There is no evidence before the Court to suggest that Mr. Coyle would testify or that his testimony, if given, would be in any way exculpatory. Thus, no prejudice has been shown. *See Dirden*, 38 F.3d at 1141 & n.13.

**IT IS HEREBY ORDERED** that Defendant Alexander's Motion for Severance of Defendants (Docket No. 44), filed January 29, 1998, is **denied**.

_____
**UNITED STATES DISTRICT JUDGE**

3