IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

   -vs-                                                                                  CRIMINAL No. 97-697 LH

SHANNON MATTHEW COYLE,

    Defendant.

## MEMORANDUM OPINION AND ORDER

    **THIS MATTER** comes on for consideration of Defendant's Motion to Sever Defendants Or Bar Use at Trial of Co-defendant's Statements (Docket No. 41), filed January 29, 1998. The Court, having considered the Motion, the memoranda of the parties, and the applicable law and otherwise being fully advised, finds that oral argument is not necessary and that the Motion is not well taken and will be **denied**.

    Defendants Coyle and Alexander are charged in a one-count Indictment with conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2. Following their arrest, Ms. Alexander made a statement that is inculpatory as to Mr. Coyle: "ALEXANDER stated that she had seen COYLE weighing and packaging methamphetamine for distribution inside the residence at 316 San Pablo, Apartment #2 . . . ." (Mot. Sever, Ex. ¶ 4.) Pursuant to the Sixth Amendment and Rule 14 of the Federal Rules of Criminal Procedure, Mr. Coyle moves for either severance of his case for trial or barring use of the statement at a joint trial. *See Bruton v. United States*, 391 U.S. 123 (1968). He also contends that redaction of the statement would not alleviate

its prejudicial effect, as jurors of even modest intelligence would understand that Ms. Alexander was implicating Mr. Coyle.

The government responds that any prejudice arising from the post-arrest statement may be dealt with by redaction. The Court agrees.

The decision whether to grant severance lies within the discretion of the trial court. *United States v. Dirden*, 38 F. 3d 1131, 1140 (10th Cir. 1994). Separate trials are not a matter of right when two or more defendants are alleged to have participated in the same act or transaction resulting in the criminal offense. *Id.* In exercising its discretion, the Court must weigh prejudice to the movant caused by joinder "against the 'obviously important considerations of economy and expedition in judicial administration.'" *Id.* (quoting *United States v. Petersen*, 611 F.2d 1313, 1331 (10th Cir. 1979)). A movant for severance bears a heavy burden: he must show "'more than a better chance of acquittal or a hypothesis of prejudice, he must, in fact, show real prejudice.'" *Id.* (quoting *United States v. Youngpeter*, 986 F.2d 349, 353 (10th Cir. 1993)).

The Tenth Circuit has held that there is no *Bruton* violation when a nontestifying codefendant's confession that includes inculpatory statements as to another defendant is redacted to remove any reference to that defendant, including not only his name, but also his existence. *United States v. Chatman*, 994 F.2d 1510, 1513 (1993)(citing *Richardson v. Marsh*, 481 U.S. 200, 211 (1987)). Furthermore, when statements do not "refer directly to the defendant himself and [become] incriminating 'only when linked with evidence introduced later at trial,'"*Gray v. Maryland*, No. 96-8653, 1998 WL 9623, at * 7 (U.S. Mar. 9, 1998)(quoting *Richardson*, 481 U.S. at 208), instructing the jury that the statement is not to be considered against any other defendant negates argument of inferential incrimination, *Chatman*, 994 F.2d at 1513. Therefore, Defendant's Motion will be denied,

2

subject to redaction complying with *Chatman* and *Gray*, in which the Supreme Court recently held that redaction by "obvious indication of deletion, such as a blank space, the word 'deleted,' or a similar symbol," violates *Bruton*, 1998 WL 96263, at *5.

**IT IS HEREBY ORDERED** that Defendant's Motion to Sever Defendants Or Bar Use at Trial of Co-defendant's Statements (Docket No. 41), filed January 29, 1998, is **denied**.

_____
**UNITED STATES DISTRICT JUDGE**